# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CRAIG JAMGOCHIAN,

                    Plaintiff,

    v.

DELAWARE COUNTY DISTRICT
ATTORNEY'S OFFICE, et al.

                    Defendants

CIVIL ACTION

No. 07-3866

## MEMORANDUM/ORDER

Before the court are defendants' motion to dismiss plaintiff's complaint and plaintiff's response thereto. *See* Docket Nos. 10-11. For the reasons given below, the court will grant defendants' motion.

### I.

Plaintiff Craig Jamgochian brings this action under 42 U.S.C. § 1983, claiming that the plea bargaining process resulting in his conviction violated his rights under the Fifth, Sixth, and Fourteenth Amendments, and that the Delaware County District Attorney's office is liable for this deprivation of his constitutional rights, because this plea bargaining process took place as a result of the unconstitutional "policy" of that office for disposing of drug cases. In addition to the District Attorney's office, plaintiff has named as defendants district attorney G. Michael Green and deputy district attorney

Katayoun Copeland.  Compl. ¶¶ 6-7.

Plaintiff was arrested in Delaware County, Pennsylvania, on February 27, 2007 and charged with criminal conspiracy as well as various drug possession and distribution offenses, all under Pennsylvania law.  *Id*. ¶ 22.[1]  On March 8, 2007, he waived his right to a preliminary hearing, and he "filed no pretrial motions of any kind, and sought no reduction of bail."  *Id*. ¶¶ 23-24.

Plaintiff alleges that defendant Green gave defendant Copeland "*carte blanc*[*he*] authority to operate within the District Attorney's Office as that person who is responsible for making any and all decisions which relate to drug prosecutions," and that Copeland "designed and enforced a policy for the handling of drug cases."  *Id*. ¶¶ 18-19.  Under this policy, a criminal defendant was required to waive the preliminary hearing, forbear from filing pretrial motions, and "commit himself to the disposition of the case against him in advance of trial by guilty plea accordingly to whatever disposition Copeland divined."  *Id*. ¶ 19.  "[I]n exchange," Copeland "agreed not to invoke any of the mandatory minimum sentences under the Pennsylvania Code" and "agreed to provide an 'offer' constituting her personal view of how the drug defendant should be sentenced after a plea of guilty."  *Id*.  "[O]nce the 'offer' was extended by Copeland, the defendant was required to accept the offer or, in the alternative, if the defendant chose to plead guilty to the entire Information, or proceed to trial, then Copeland involved the applicable mandatory

---

[1] For the purpose of ruling on this motion, the court assumes true all of the allegations in plaintiff's complaint.

-2-

minimums at sentenc[ing]." *Id*.

Plaintiff alleges that "[a]s a result of this policy, [he] was required to give up his rights . . . to a preliminary hearing; to the filing of motions in advance of trial; and to seeking a bail reduction." *Id*. ¶ 20.

On August 17, 2007, defendant Copeland offered plaintiff a plea deal under which Copeland would receive a sentence of two to four years, with a recommendation of "boot camp." *Id*. ¶ 25.  Plaintiff refused the offer, believing that, if he pled guilty without a plea agreement, the likely sentence would be nine months or less.  *Id*. ¶ 26.  Plaintiff alleges that, after "communicat[ing] his intention to plead 'open' to the entire Information, Copeland required her trial assistant to invoke any and all mandatory minimums."  *Id*.

Once defendants Copeland and Green indicated that they would invoke the applicable mandatory minimums, plaintiff Jamgochian changed his mind and, on September 10, 2007, announced his intention to accept defendants' offer.  Defendants then amended the information to include a new charge of distributing methamphetamine, which plaintiff alleges "could not be proved at trial under any interpretation of the evidence."  *Id*. ¶¶ 27-28.  Plaintiff pled *nolo contendere* to the methamphetamine charge on September 14, 2007.  *Id*. ¶ 28.  Plaintiff alleges that if defendants had not "threatened" to invoke the applicable mandatory minimums, plaintiff "would likely have pleaded guilty to the entire information, as comprised before the Amendment, and been sentenced to 'time served' and released on probation and/or parole."  *Id*. ¶ 29.

The complaint seeks an injunction enjoining "the further use of this policy by the District Attorney's Office"; plaintiff's "immediate release" from prison; compensatory and punitive damages; and costs and attorney's fees.

## II.

Under Federal Rule of Civil Procedure 12(b)(6), a defendant who moves for dismissal of a complaint is entitled to dismissal if the complaint "fail[s] to state a claim on which relief can be granted."  A court may only grant this relief if the allegations of the complaint do not "raise [the plaintiff's] right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1959 (2007).  A complaint need contain only a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), thus "'giv[ing] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

## III.

Defendants have moved to dismiss the complaint in its entirety under *Heck v. Humphrey*, 512 U.S. 477 (1994), and to dismiss the complaint against the two individual defendants on the ground of absolute prosecutorial immunity.

In *Heck*, the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose

unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove

that the conviction or sentence has been reversed on direct appeal, expunged by executive

order, declared invalid by a state tribunal authorized to make such determination, or

called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 486-

87. *Heck* built upon *Preiser v. Rodriguez*, 411 U.S. 475 (1973), in which the Court held

that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or

duration of his confinement and seeks immediate or speedier release, even though such a

claim may come within the literal terms of § 1983." *Heck*, 512 U.S. at 481. The Court

has since clarified that the holding in *Heck* — where the plaintiff sought only damages —

applies to bar § 1983 claims regardless of the form of relief sought: "These cases

[*Preiser*, *Heck*, and their progeny], taken together, indicate that a state prisoner's § 1983

action is barred (absent prior invalidation) — no matter the relief sought (damages or

equitable relief), no matter the target of the prisoner's suit (state conduct leading to

conviction or internal prison proceedings) — *if* success in that action would necessarily

demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S.

74, 81-82 (2005).

Plaintiff, in his response to defendants' motion to dismiss, states that *Heck* does

not bar this action because plaintiff does not deny his guilt or "the validity of [his]

conviction." Pl. Resp. 6. Rather, plaintiff contends, the complaint is "an attack upon the

custom and practice of these defendants," in that defendants a) "require[] the surrender of

all of the drug defendant's rights in a Delaware County criminal case in exchange for the

drug defendant's receipt of a sentencing assessment by the Deputy District Attorney in

charge" and b) "withdraw the benefit of the bargain, and invoke the mandatory minium

sentences provided by the state sentencing code," when defendants attempt to enter an

open plea without a plea agreement.  *Id*.

Contrary to plaintiff's characterization of the complaint in his response to the

motion to dismiss, plaintiff's complaint does indeed challenge the validity of his

conviction.  The complaint alleges that defendant Copeland "required plaintiff to plead

guilty to an offense he never committed, an offense which the defendants . . . knew he

never committed, and which they could not prove," namely, distributing

methamphetamine.  Compl. ¶¶ 28-29.  The complaint claims that defendants' course of

conduct during the negotiation of plaintiff's plea agreement violated plaintiff's rights

under the Fifth, Sixth, and Fourteenth Amendments, because he was "required" to waive

various rights.  *See* Compl. ¶¶ 2, 29, 32.

Thus, the crux of plaintiff's complaint — and the only basis for his constitutional

claims — is that his guilty plea and attendant waiver of rights were not voluntary.  Yet,

proving that his plea was involuntary "would necessarily demonstrate the invalidity of

[his] confinement."  *Wilkinson*, 544 U.S. at 81-82; *see Brady v. United States*, 397 U.S.

742, 748 (1970) (guilty plea must be voluntary, knowing, and intelligent in order to be

constitutional).  The claims are therefore barred by *Heck*.

-6-

The court will dismiss the claims against Delaware County without prejudice to plaintiff's refiling his complaint once he can fulfill *Heck*'s requirement of "prov[ing] that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87.  The court will dismiss the claims against the individual prosecutors with prejudice because "[a]n attorney attempting to dispose of a case through the negotiations surrounding a plea bargain is engaging in his prosecutorial duties as surely as an ADA deciding whether to bring an indictment or ask for a particular sentence.  Such conduct is 'intimately associated with the judicial phase of the criminal process,'" and, therefore, the prosecutors are protected from civil suits by absolute immunity with respect to that conduct.  *Stankowski v. Farley*, 487 F. Supp. 2d 543, 552 (M.D. Pa. 2007) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)).

**AND NOW**, this 7th day of April, 2008, for the reasons stated in the foregoing memorandum, **IT IS ORDERED** that defendants' motion to dismiss, *see* Docket No. 10, is **GRANTED** with prejudice with respect to the two individual defendants, and **GRANTED** without prejudice with respect to the Delaware County District Attorney's Office.

/s/ Louis H. Pollak
_____
Pollak, J.

-7-